**FedEx Kinko's.**
Office and Print Center

# Fax Cover Sheet

FedEx Kinko's of PARK RIDGE          Telephone: 847-823-9360  Fax: 847-823-9366

Date __8/13/04__                     Number of pages __2__ (including cover page)

**To:**                              **From:**

Name __Rockville Center Help Desk__  Name __Susanne Atanus__

Company _____       Company _____

Telephone _____       Telephone __(847) 298-2210__

Fax __1(888) 839-5244__

Comments __Announcement # HHS-OIG-2004-0160 for GS-1082-11/12 Writer/Editor__

More than 1,200 locations worldwide. For the location nearest you, call 1.800.2.KINKOS. Visit our website at fedexkinkos.com.

06 1078
FILED

JUN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Confirmation Report – Memory Send

```
                                        Page        : 001
                                        Date & Time : Aug-13-04  10:52pm
                                        Line 1      : +
                                        Line 2      : +
                                        Machine ID  : KINKOS
```

| | | |
|---|---|---|
| Job number | : | 526 |
| Date | : | Aug-13 10:51pm |
| To | : | ☎18888395244 |
| Number of pages | : | 002 |
| Start time | : | Aug-13 10:51pm |
| End time | : | Aug-13 10:52pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 526              \*\*\* SEND SUCCESSFUL \*\*\*

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| ATANUS, SUSANNE NMN | 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 | 12-07-1958 | 04-06-2003 |

**FIRST ACTION**  |  **SECOND ACTION**

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 721 | Reassignment | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N2M | Reg 335.102 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Contract Specialist | Procurement Analyst |
| 550A872 - 4 | 550C142 - 1 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1102 | 11 | 08 | $60,735.00 | PA | GS | 1102 | 11 | 08 | $60,735.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $53,007.00 | $7,728.00 | $60,735.00 | $0 | $53,007.00 | $7,728.00 | $60,735.00 | $0 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Federal Supply Service<br>Contract Management Division | Federal Supply Service<br>Contract Management Division<br>Contract Administration Branch |

**EMPLOYEE DATA**

| 23. Veterans Preference | | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|---|
| 1 | 1-None  2-5-Point  3-10-Point/Disability  4-10-Point/Compensable  5-10-Point/Other  6-10-Point/Compensable/30% | | 1 | 0-None  1-Permanent  2-Conditional  3-Indefinite | | YES  X NO |

| 27. FEGLI | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
|---|---|---|---|---|
| X0 | Basic + Option B (5x) + Option A | 9 | Not Applicable | 0 |

| 30. Retirement Plan | | 31. Service Comp. Date (Leave) | 32. Work Schedule | | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|---|---|
| K | K - FERS and FICA | 09-16-1984 | F | Full-Time | |

**POSITION DATA**

| 34. Position Occupied | | 35. FLSA Category | | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|---|---|
| 1 | 1-Competitive Service  2-Excepted Service  3-SES General  4-SES Career Reserved | N | E-Exempt  N-Nonexempt | 255.F0523300.23.11.345.001 | 0051 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 171670031 | CHICAGO / COOK / ILLINOIS |

| 40. Agency Data | 41. | 42. | 43. | 44. | |
|---|---|---|---|---|---|
| 5FXC | 51203 | 0000 | 14.58 | | Nonsensitive (NS) National Security Risk |

45. Remarks

Position is at the full performance level.

To meet management needs.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| General Services Administration | Electronically Signed by: Frances L. Stephens |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | Deputy Director, Consolidated Processing Center |
|---|---|---|---|
| GS24 | 1776 | 04-10-2003 | |

5-Part 50-316                         Editions Prior to 7/91 Are Not Usable After 6/30/93
                                      NSN 7540-01-333-6238



Department: **Department Of Health And Human**
Agency: **Office of the Secretary of Health and Hu**
Job Announcement Number: HHS-OIG-2004-0160

**Vacancy Announcement**

← Back to Sea

Related Job Link: **Apply Online for HHS-OIG-20**

Department of Health and Human Services

**PLEASE READ ALL INFORMATION CAREFULLY**

POSITION: Writer Editor

ANNOUNCEMENT NUMBER: HHS-OIG-2004-0160
SERIES & GRADE: GS-1082-11/12
SALARY RANGE: 44136 - 68766
PROMOTION POTENTIAL: 12
OPENING DATE: 07/27/2004
CLOSING DATE: 08/17/2004

DUTY LOCATIONS: MANY vacancies Nationwide

*Salary range listed above does not include locality pay*

**AREA OF CONSIDERATION:**
All Sources.

**POSITION DETAILS**

**Appointment Type:** Permanent
**Work Schedule:** Full Time
**Tenure:** Career/Career-Conditional
**Bargaining Unit Position:** No
**Merit Promotion Position:** Yes
**Travel Required:** Yes - Occasional

**ORGANIZATIONAL LOCATION:**

HHS, Office of the Secretary (OS), Office of the Inspector General (OIG), Office of Audit Services (OAS).

Duty Locations:

Boston, MA; New York, NY; Philadelphia, PA; Atlanta, GA; Chicago, IL; Dallas, TX; and Kansas City, MO.

**DUTIES AND RESPONSIBILITIES:**

If selected for this position, you will:

. Prepare various materials used to present, promote, or explain OAS programs, activities, and audit findings;

. Write materials such as reports of audit findings, technical articles, periodicals, technical manuals, brochures, and speeches;

. Review manuscripts, reports, etc., to ensure these meet HHS and OIG standards for publication or dissemination;

. Provide assistance to Office staff engaged in the preparation of various written materials, including correspondence, audit reports, etc.;

. Assist in the preparation of various charts, special reports, or analyses needed for Congressional testimony, briefings, or special meetings.

**BASIC QUALIFICATIONS:**

You are required to submit a 3-5 page writing sample for this vacancy. Writing samples must be received by the closing date of this announcement.

Fax or email your writing samples to:

Fax: 301-480-3864

*NOTE: You must include the vacancy announcement number on your fax cover sheet.*

Email: quickquestions@psc.gov

*NOTE: You must include the vacancy announcement number on your subject line.*

An additional test of editorial skills will be required during the interview process.

GS-11:

You must have one year of specialized experience that has equipped you with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the work of the position to be filled. To be creditable, specialized experience must have been equivalent to at least the GS-9 level in the Federal Government.

OR

Ph.D. or equivalent doctoral degree, if related

OR

3 full years of related progressively higher level graduate education leading to such a degree

OR

LL.M., if related

OR

Equivalent combinations of related graduate education and specialized experience.

GS-12:

You must have one year of specialized experience that has equipped you with the particular knowledge, skills, and abilities to perform successfully the duties of the position, and that is typically in or related to the work of the position to be filled. To be creditable, specialized experience must have been equivalent to at least the GS-11 level in the Federal Government.

CURRENT STATUS APPLICANTS APPLYING THROUGH MERIT PROMOTION PROCEDURES MUST ALSO MEET TIME IN GRADE RESTRICTIONS.

**QUESTIONS REGARDING THIS ANNOUNCEMENT SHOULD BE REFERRED TO:**

Rockville Center HelpDesk
Telephone (888)-478-4340
quickquestions@psc.gov
Hours of operation: Monday through Friday 7:30AM to 4:00PM EST
TTY/TDD (800)-877-8339

**HOW TO APPLY:**

Applications (resume and application questions) for this vacancy MUST be received on-line via the HHS Careers QuickHire web site before midnight Eastern Standard Time (click here for current time) on the closing date of this announcement.

*The HHS Careers QuickHire system simplifies the Federal application process by replacing the former KSA job-element statements with on-line self-assessment questions.* Your resume and responses to the self-assessment questions are an integral part of the process for determining your basic and specialized qualifications for the position. Therefore, it is important to support your responses to the applicant assessment questions by providing examples of past and present experience when requested.

There are several parts of the application process that affect the overall evaluation of your application:

    1.    Your resume
    2.    Your responses to the core questions

    3.    Your responses to the self-assessment questions
    4.    Your supporting documents

High self-assessment in the vacancy questions that is not supported by information in your resume, essay responses, and/or supporting documents may eliminate you from best-qualified status or result in a lowered score.

Additional details on the application process can be found at the end of this announcement.

The HHS QuickHire web site can be accessed at:
https://jobs.quickhire.com/scripts/hhs.exe

**SUPPORTING DOCUMENTATION:**

Supporting documentation (Standard form 50, DD-214, etc.) **MUST** be received no later than 72 hours from the closing date of this announcement. Documentation must be faxed to the attention of the Rockville Center HelpDesk at 1-888-839-5244. Include the vacancy announcement number on all faxed documents. Do not fax resumes or applications.

**REASONABLE ACCOMMODATION:**

This agency provides reasonable accommodation to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please contact the Rockville Center HelpDesk Telephone (888)-478-4340, TTY/TDD (800)-877-8339; email quickquestions@psc.gov. The decision on granting reasonable accommodation will be made on a case-by-case basis.

If applying online poses a hardship to you, the Rockville Center HelpDesk listed on the announcement will provide assistance to ensure that applications are submitted online by the closing date. You must contact the Rockville Center HelpDesk prior to the closing date of this announcement to receive assistance. Hours of operation: Monday through Friday 7:30AM to 4:00PM EST

**ADDITIONAL DETAILS ON USING THE HHS CAREERS QUICKHIRE SYSTEM**

    1. If you have never used the HHS Careers QuickHire system you will need to register as a new user. Registration will involve entering your resume into the system and responding to a series of core questions that will allow the HHS HR specialists to evaluate your background for basic employment eligibility.

    2. Once you have completed the registration process you must locate and view the vacancy you wish to apply for on the HHS Careers QuickHire system. Scroll down to the end of the vacancy announcement and select the "Apply to this Vacancy" button. Answer ALL questions that follow. You must click "Finished" button at the bottom of the screen to be considered for a

specific position. Upon completing the application process you will receive an electronic acknowledgement that you application has been successfully transmitted. Select the "I would like a copy of the questions and my responses sent to my e-mail account." option to have your responses emailed to you.

NOTE: We encourage you to select the "View Vacancy Questions" button so you may preview the vacancy questions prior to applying for this position.

You will not be considered for the position if any part of the application is incomplete. You must provide the required user information (including your resume in the designated section), as well as responses to the questions specific to the vacancy in order to receive consideration.

**ADDITIONAL EMPLOYMENT INFORMATION:**

Veterans Information

Former Federal employee reinstatement eligibility

Department of Health and Human Services (DHHS) Surplus or displaced Employees CTAP criteria.

Displaced Federal employees ICTAP criteria.

 

 Send Mail

**Send Mail to:**
Department Of Health And Human Services
DHHS Rockville HR Center 5600 Fishers Lane Room 17-38 Attn:
Rockville HR Center-OIG
Rockville, MD 20857

 Questions?

**For questions about this job:**
QuickHire HelpDesk
Phone: 8884784340

USAJOBS Control Number: 275027

EEO Policy Statement | Reasonable Accommodation Policy Statement | Veterans Information
Legal and Regulatory Guidance

 

Home | Search Jobs | My USAJOBS | Forms
FAQS | Privacy Policy | Help | Site Map
Employer Services | Contact Us | Privacy Act and Public Burden Information

**U. S. DISTRICT OF COLUMBIA**
**DISTRICT COURT**
**333 Constitution Avenue, N.W.**
**Washington, DC 20001**

This is to certify that I have on this 11th d a y of June, 2006, served the U.S. District of Columbia District Court an Appeal of the EEOC's decision of Summary Judgment in favor of the Agency via Fed Ex next day Air, and a copy to the Agency via U.S mail after 5:00 p.m. on June 11, 2006 at the address cited below.

*Susanne Atanus*

Susanne Atanus, Petitioner

Ms. Alexandra Meighan, Agency Representative
Attorney,
Claims and Employment Law Branch Office of the General Counsel
General Law Division
330 Independence Avenue, S.W., Rm. 4760
Wilbur J. Cohen Federal Building Washington, DC 20201

**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002

| | |
|---|---|
| Susanne Atanus,<br>    Complainant,<br><br>v.<br><br>Tommy G. Thompson,<br>U.S. Department of Health and Human Services,<br>    Agency. | EEOC No. 100-2005-00784X<br>Agency No. OSH-008-05 |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated March 16, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached to the Decision.

This office is also enclosing a copy of the hearing record (documents generated during the hearing process) for the agency's EEO office only. This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval, by calling Tanya Stanfield at (202) 419-0716. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes, it shall be presumed that the parties received the foregoing Decision within five (5) calendar days after the date they were sent *via* first class mail.

It is so ORDERED.

Date: MAY 0 8 2006

Gladys O. Collazo
Administrative Judge

TO:

Bonita V. White, Director
Equal Employment Opportunity Programs Group
Department of Health & Human Services
200 Independence Avenue, S.W., Suite 536E-HHH
Hubert Humphrey Building
Washington, D.C. 20201

(Decision Only)

Susanne Atanus
9054 Buckinham Park Drive
Des Plaines, IL 60016

Alexandra Meighan
Department of Health and Human Services
Office of the General Counsel
General Law Division
330 Independence Avenue, S.W.
Washington, D.C. 20210

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002

|  |  |
|---|---|
| Susanne Atanus,<br>    Complainant,<br><br>v.<br><br>Tommy G. Thompson,<br>U.S. Department of Health and Human Services,<br>    Agency. | EEOC No. 100-2005-00784X<br>Agency No. OSH-008-05 |

## DECISION

This Decision is issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3) (2005).

The Complainant has satisfied the procedural prerequisites for a hearing, but because there is no issue of material fact or credibility, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).[1]

---

[1] A moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and there is no issue as to credibility. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under the tripartite proof scheme for disparate treatment cases established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an employer can "obtain a summary judgment in one of two ways. He can demonstrate that the plaintiff's proffered evidence fails to establish a *prima facie* case, or, if it does, the defendant can present evidence that provides a legitimate nondiscriminatory explanation about which the plaintiff does not create a factual dispute." *Mitchell v. Data General Corp.*, 12 F.3rd 1310, 1316 (4th Cir. 1993). In other words, summary judgment against Complainant is appropriate if she fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 250.

On December 23, 2005, the Agency filed a Motion for Summary Judgment. On January 9, 2006, the Complainant filed a Motion for a Decision with a Hearing. Upon consideration of the entire record before me (Report of Investigation and the parties' submissions), and taking the facts in the light most favorable to the Complainant, I GRANT summary judgment in favor of the Agency.

## CLAIM

Whether the Agency discriminated against Complainant on the bases of her race (Caucasian), national origin (second generation Assyrian), sex (female), religion (Christian/Catholic) and age (DOB 12/7/58), and in retaliation for prior complaints of discrimination, when:

1. On September 8, 2004, she was not considered for the Outstanding Scholarship Program; and

2. She was not scored high enough to make the best qualified list for the position of Writer Editor, GS11/12, under vacancy announcement no. HHS-OIG-2004-0160.

## DISCUSSION

The undisputed facts in this case show that Complainant, who claims that she filed previous complaints of discrimination against the General Services Administration, applied for

---

When opposing a properly supported motion for summary judgment, a party must respond with *specific facts* showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, she must go beyond the pleadings and support her contentions with proper documentary evidence. *Celotex Corp.*, 477 U.S. at 324. To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248-49.

2

the position at issue using the Quickhire system. In the Quickhire system the applicants provide answers to multiple choice questions. The candidates answers are then scored. Complainant did not score high enough to make the best qualified list. Her name was not referred for selection. Four other candidates were selected: three were Caucasians; three were males; one female; and their ages were 58, 43, 41, and 28. The religions and national origins of the selectees are not readily available from the record.

In the absence of direct evidence, Complainant initially must establish, by a preponderance of the evidence, at least a *prima facie* case of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a *prima facie* case of disparate treatment in a nonselection case, a Complainant must show: (1) that she is a member of a group protected from discrimination; (2) that she applied for and was qualified for the position at issue; and (3) that she was rejected under circumstances which give rise to an inference of unlawful discrimination, *e.g.*, the Agency continued to seek applicants with similar qualifications, or filled the positions with persons who were not members of Complainant's protected group. *McDonnell Douglas Corp.*, 411 U.S. at 802, n.13. With respect to age discrimination, Complainant may present a *prima facie* case by presenting evidence that she was treated differently from someone significantly younger. *O'Connor v. Consolidated Coin Caterers Inc.*, 517 U.S. 308, 313 (1996).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 253-54; *McDonnell Douglas*, 411 U.S. at 802. If the Agency does so, the *prima facie*

3

inference drops from the case. *Hicks*, 509 U.S. at 507, 510-11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her/him. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

As the Agency correctly argued in its Motion, Complainant has failed to present a *prima facie* case of discrimination: she failed to show that she was qualified for the position. Her application was not on the best qualified list. *See Holtcamp v. HUD*, 1993 WL 1505859 (E.E.O.C. 1993) (appellant failed to establish a *prima facie* case because she did not make the best qualified list for the position); *Terry v. U.S.*, 2000 WL 204522 (S.D.N.Y. 2000) (Complainant could not demonstrate that the basis for non-selection was discriminatory because he did not make the "best qualified list").

Furthermore, as the Agency correctly argues in its Motion, assuming that Complainant presented a *prima facie* case of discrimination, the Agency articulated a legitimate, nondiscriminatory reasons for its action: that her application did not score high enough to be referred to the selecting official; that she did possess experience to qualify her for the position; that the selectees were better qualified than Complainant; and that she was not entitled to be considered under the Outstanding Scholarship Program.

Complainant received a score of 92.2. The candidates on the best qualified list scored between 97.90 and 104.10. In addition, Complainant's resume did not support the writing experience she listed on her answers to the Quickhire questions. According to the Agency, her

4

writing experience would have qualified her for a GS-9 position, not the GS-11/12 position advertised in the vacancy announcement. Furthermore, the selectees were substantially more qualified than Complainant; their collective experience ranged from senior managing editors of other publications, graduates of journalism schools, free lance writers, and senior editor for Africa at the State Department.

In addition, the position at issue was not subject to the Outstanding Scholarship Program because this Program applies to only certain positions at the GS-5, GS-7 grade level, and the position at issue was a GS-11/12. Complainant proffered no evidence, to rebut the Agency's articulated reasons. Most important, Complainant did not proffer any evidence that the Agency's action was motivated by the alleged prohibited bases.

## CONCLUSION

Complainant's bald and unsubstantiated claims of discrimination and retaliation fail. Accordingly, the Agency is entitled to judgment as a matter of law.

Date: March 16, 2006

*Gladys O. Collazo* (signature)
Gladys O. Collazo
Administrative Judge

### NOTICE TO THE PARTIES

*TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

5

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

### *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:
Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.