UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSANNE ATANUS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1078 (JDB) |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary, ) | |
| U.S. Department of Health and Human Services, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services ("HHS"), respectfully moves to dismiss pursuant to Rule 12(b)(6) and 8(a), or in the alternative, for summary judgment pursuant to Rule 56, in this employment discrimination case brought under Title VII. Plaintiff has not filed a complaint in this case, but has instead filed what appears to be a virtual copy of a motion from the administrative proceedings. Plaintiff filed these papers in District Court a day before HHS issued its final agency decision, and therefore, Plaintiff failed to exhaust her administrative remedies. Furthermore, now that the agency has issued its final agency decision, the statute of limitations has long since passed for Plaintiff to file a proper complaint in this Court, and there do not appear to be any grounds for equitable tolling. Accordingly, HHS requests entry of judgment in its favor as a matter of law.

Attached are a memorandum of points and authorities, a statement of material facts, and supporting evidence.

*Pro se* Plaintiff is advised that if she fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of the failure to respond. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988). Plaintiff will further take note that the assertions contained in the accompanying declarations and other attachments in support of Defendant's motion for summary judgment will be accepted by the Court as true unless Plaintiff submits her own affidavit or other documentary evidence contradicting the assertions in Defendant's declarations and attachments. See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and Local Civil Rule 7.1

November 30, 2006                    Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSANNE ATANUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, ) <br> Secretary, ) <br> U.S. Department of Health and Human Services, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 06-1078 (JDB) |

**DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services ("HHS"), respectfully moves to dismiss pursuant to Rule 12(b)(6) and 8(a), or in the alternative, for summary judgment pursuant to Rule 56, in this employment discrimination case brought under Title VII. Plaintiff has not filed a complaint in this case, but has instead filed what appears to be a virtual copy of a motion from the administrative proceedings. Plaintiff filed these papers a day before HHS issued its final agency decision, and therefore, Plaintiff failed to exhaust her administrative remedies. Furthermore, now that the agency has issued its final agency decision, the 90-day statute of limitations has long since passed for Plaintiff to file a proper complaint in this Court, and there do not appear to be any grounds for equitable tolling. Accordingly, HHS requests entry of judgment in its favor as a matter of law.

**Background**

Plaintiff requested a hearing before an EEOC administrative law judge ("ALJ") during

her administrative EEO case, and the ALJ entered judgment in favor of HHS on May 8, 2006. See Smith Decl. ¶ 11 and Ex. D thereto (Order Entering Judgment); accord Ex. to Plf. Complaint (same document). The Order Entering Judgment incorporated and enclosed the ALJ's Decision dated March 16, 2006, enclosed the hearing record in the copy sent to HHS, and explained that the parties' appeal rights were set forth in the enclosed Decision. See Smith Decl. ¶ 11 and Ex. E thereto, accord Ex. to Plf. Complaint (same document). HHS received the Order Entering Judgment, and the accompanying case file, on May 11, 2006. See Ex. A to Smith Decl., Final Agency Decision at 1.

Thirty four days after HHS received the ALJ's decision and hearing file, that is, on June 14, 2006, HHS issued its Final Agency Decision ("FAD") rejecting Plaintiff's claims of discrimination. See Decl. of Christine H. Smith ¶ 7. Also on June 14, 2006, HHS sent a copy of the FAD to Plaintiff, at the address she provided the agency, by certified mail, see id., and Plaintiff received the copy of the FAD on June 26, 2006, see id. ¶ 10.

On June 13, 2006--one day before HHS issued its FAD--Plaintiff filed in this Court the 29-page document and exhibits which the Clerk filed as a complaint. Plaintiff's document has a District Court caption, but no title, prayer for relief, numbered paragraphs. Its 19 pages of exhibits include several documents. The last two documents of those exhibits are the ALJ's Order Entering Judgment and the ALJ's Decision, rejecting Plaintiff's claims of discrimination.

It appears from the ALJ's Decision that Plaintiff complains of two nonselections by HHS, the first for entry in the Outstanding Scholars Program, and the second for the position of Writer/Editor, GS-11/12, under vacancy announcement no. HHS-OIG-2004-0160. See Decision at 2, attached as part of the exhibits to the Complaint. Plaintiff apparently asserted

discrimination on the basis of race (Caucasian), national origin (second generation Assyrian), sex (female), religion (Catholic/Christian), age (over 40), and retaliation for prior complaints.  See id.

As of the date of this filing, 157 days have elapsed since Plaintiff received a copy of the FAD.  Ninety days expired on September 24, 2006.  Notably, the U.S. Attorney's Office first received a copy of Plaintiff's documents (along with a summons dated September 11, 2006) on October 2, 2006.

**Legal Standard**

The standard for review under Rule 12(b)(6) is well established.  See, for example, Mitchell v. Yates, 402 F. Supp. 2d 222, 228 (D.D.C. 2005), from which the following recitation is taken: A motion to dismiss pursuant to Rule 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir.1987).  A complaint need only contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 47.  Accord Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor.  Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact, Scheuer v. Rhodes, 416 U.S. 232, 236, (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000), but conclusory legal allegations need not be considered by the court, Domen v. Nat'l Rehabilitation Hosp., 925 F. Supp. 830, 837

3

(D.D.C.1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 56, summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts and reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere existence of any factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Similarly, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Thrash v. Library of Congress, 2006 U.S. Dist. LEXIS 9988 at *20 (D.D.C. Feb. 24, 2006); Rowland v. Riley, 5 F. Supp. 2d 1,3

(D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") As the Supreme Court has instructed: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**Argument**

This case should be dismissed because Plaintiff failed to exhaust her administrative remedies by attempting to file a civil action prior to the expiration of the 40-day period in which the agency was required to issue its FAD. Because HHS received the EEOC's decision on May 11, 2006, HHS had until June 20, 2006, to issue its FAD. (HHS met this deadline by issuing its FAD on June 14, 2006.) By filing six days prior to expiration of HHS's time to issue its FAD, Plaintiff failed to exhaust her administrative remedies.

Furthermore, it is too late for Plaintiff to file a complaint within the 90-day limitations period for Title VII claims. Indeed, what Plaintiff filed does not appear to constitute a good faith effort to comply with Rule 8(a). Nor are there any apparent grounds for equitable tolling.

**I.   Plaintiff Failed to Exhaust Her Administrative Remedies.**

When an employee seeks a hearing before an ALJ, and the ALJ thereafter issues a decision, the EEOC regulations provide that the agency has 40 days from the date the agency receives the decision and hearing file in which the agency is to issue its FAD. See 29 C.F.R.

5

§§ 1614.110(a) and 1614.109(i). These deadlines are part of the administrative scheme, participation in which is a mandatory prerequisite to the right to file suit in federal court. See, e.g., Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (compliance with EEOC deadlines is mandatory) (citing Brown v. GSA, 425 U.S. 820, 832-33 (1976); Bayer v. Dep't of the Treasury, 956 F.2d 330, 332 (D.C. Cir.1992)). As noted above, Plaintiff filed her putative complaint on day 36, meaning that she did not give the agency the 40 days to which it was entitled for issuance of the FAD. Plaintiff has, therefore, failed to exhaust her administrative remedies and her case should be dismissed for that reason, even if the Court treats her documents as if they constituted a proper and valid complaint.

## II.     Plaintiff Cannot Now File a Timely Complaint.

Alternatively, if the Court excuses Plaintiff for her premature filing, then her case must be dismissed for the opposite reason, i.e., that what she filed does not count as a complaint and it is now too late for her to file a proper complaint. First, it is clear that the deadline for filing a Title VII complaint in federal court is set by statute at ninety days after the plaintiff or her representative receives the FAD from the agency. See 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.103(a); 29 C.F.R. § 1614.407. Plaintiff received the FAD on June 26, 2006. See Smith Decl. ¶ 10. Thus, Plaintiff faced a deadline of September 24, 2006, to file a complaint in District Court.

Although this deadline is not jurisdictional, compliance with the deadlines in Title VII and the ADEA is a necessary predicate to a suit and the Supreme Court has made plain that missing the deadline even by a few days generally merits dismissal. See, e.g., Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148-50 (1984). See also Tyler v. Henderson, No. 01-

5085, 2001 WL 1297501 (D.C. Cir. Sep. 12, 2001) (affirming dismissal of Title VII claims filed on 94th day), *supra*; Smith-Haynie v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1988) (affirming summary judgment where Title VII action was filed on the 92nd day); DePippo v. Chertoff, --- F. Supp. 2d ---, 2006 WL 2686758 (D.D.C. Sep. 20, 2006) (Urbina, J.) (dismissing Title VII case filed one day too late); Smith v. Dalton, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing as untimely *pro se* Title VII complaint filed on the 91st day); Jackson v. Snow, No. 05-1266 (CKK), 2006 WL 212136 (D.D.C. Jan. 27, 2006) (Title VII, one day too late). The Baldwin decision long ago established the rationale for this stricture:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"

466 U.S. at 152.

Equitable tolling of the 90-day time limit is permissible, but only in narrow circumstances. In the words of Baldwin County: "This is not a case in which a claimant received inadequate notice, . . . or where the court has led the plaintiff to believe that she had done everything required of her[.] Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." 466 U.S. at 151. Here, none of the factors supporting equitable tolling are apparent. Accord Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (equitable tolling is "exercised only in extraordinary and carefully circumscribed instances."); Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Cf. Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997) (permitting equitable tolling).

7

Second, the Supreme Court in Baldwin dealt with a factual a situation very similar to the instant case and ruled that the claim was untimely. In Baldwin, the employee appeared *pro se* in district court and, instead of filing a complaint, filed a copy of the right-to-sue letter from the agency. See 466 U.S. at 148. The district court did not toll the limitations period after reminding the employee of the need to file a proper complaint, but eventually dismissed the case after the employee filed, on the 130th day, an "amended complaint." See id. at 148-149. The court of appeals reversed, but the Supreme Court reversed that holding, and the high Court's brief analysis is worth quoting:

> The section of Title VII at issue here states that within 90 days after the issuance of a right-to-sue letter "a civil action may be brought against the respondent named in the charge." 86 Stat. 106, 42 U.S.C. § 2000e-5(f)(1). Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." A complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The District Court held that the right-to-sue letter did not satisfy that standard. The Court of Appeals did not expressly disagree, but nevertheless stated that the 90-day statutory period for invoking the court's jurisdiction was satisfied, apparently concluding that the policies behind Title VII mandate a different definition of when an action is "commenced." However, it identified no basis in the statute or its legislative history, cited no decision of this Court, and suggested no persuasive justification for its view that the Federal Rules of Civil Procedure were to have a different meaning in, or were not to apply to, Title VII litigation. Because we also can find no satisfactory basis for giving Title VII actions a special status under the Rules of Civil Procedure, we must disagree with the conclusion of the Court of Appeals.

466 U.S. at 149-50. Accord Mitchell, 402 F. Supp. 2d at 228 (dismissing disability claim for failure to plead substantial impairment of major life activity); Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 129 (D.D.C. 2005) (Bates, J.) (dismissing employment claim where plaintiffs failed to "match specific factual allegations as to a particular plaintiff with specific legal claims against an identified defendant.").

8

A similar analysis applies here. Plaintiff has made no attempt to craft a proper complaint other than to paste a district court caption on an apparently pre-existing document from her EEO proceedings. This attempt seems to indicate that Plaintiff was aware that something different was required to pursue her claims beyond the administrative level by suing in federal court, but at the same time it also shows that she could not be bothered to find out what those requirements were, something that many other *pro se* plaintiffs nevertheless manage to discover.

Finally, it bears noting that Plaintiff further delayed these proceedings by her inaction with respect to proper service. She filed her papers on June 13, 2006, but apparently did not obtain a summons until September 11, 2006--an unexplained delay of nearly three months. Thereafter, she waited another three weeks to serve the U.S. Attorney's Office, on October 2, 2006. (She then failed to file proof of service, prompting this Court to issue a *sua sponte* order for her to do so on October 12, 2006.) Her unexplained delay between filing her papers in District Court and serving the U.S. Attorney's Office sufficed by itself to use up more than 90 days, such that she was already well past the limitations period by the time undersigned counsel became aware of the existence of these proceedings.

## Conclusion

Plaintiff failed to exhaust her administrative remedies by initiating these proceedings too early and her case should be dismissed for that reason, regardless of whether the Court deems her papers to constitute a proper complaint. Moreover, if her premature filing were nonetheless excused, it is clear that what she filed does not constitute a proper complaint and, pursuant to <u>Baldwin County</u>, HHS is entitled to judgment as a matter of law for expiration of the 90-day statute of limitations.

November 30, 2006                              Respectfully submitted,

 

————————————————————
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
————————————————————
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
————————————————————
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSANNE ATANUS,       )<br>                       )<br>       Plaintiff,    )<br>                       )<br>       v.              )<br>                       )<br>MICHAEL O. LEAVITT,    )<br>Secretary,             )<br>U.S. Department of Health and Human Services, )<br>                       )<br>       Defendant.      )<br>                       ) | Civil Action No.: 06-1078 (JDB) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Defendant, Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services ("HHS"), respectfully files this Statement of Material Facts, pursuant to Local Rules 7(h) and 56.1, in support of its alternative motion for summary judgment. In the event that the Court denies HHS's motion to dismiss, the following material facts support summary judgment:

1. HHS issued the Final Agency Decision ("FAD") on June 14, 2006. See Ex. 1, Decl. Christine H. Smith and Ex. A thereto.

2. HHS sent the FAD to Plaintiff June 14, 2006, via certified mail. See id. & Ex. B thereto.

3. Plaintiff has not filed anything entitled "Complaint" in this Court in this case, but instead filed the attached documents, which were filed by the Clerk and referenced as "Complaint" in the docket sheet in this case. See Docket Sheet, attached.

4. The EEOC issued its Order Entering Judgment on May 8, 2006. See Smith Decl. ¶ 11,

1

and Ex. C thereto; accord Ex. to Complaint, pages 11-12 of 19, in [1-1].

5.  HHS received the EEOC's Order Entering Judgment and hearing file on May 11, 2006. See FAD at 1, Smith Decl. Ex. A.

November 30, 2006                    Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, supporting Memorandum, Statement of Material Facts, and supporting exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

SUSANNE ATANUS
9054 Buckingham Park Dr.
Des Plaines, IA 60016

on this 30th day of November, 2006.

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov