UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

SUSANNE ATANUS, )
 )
    Plaintiff, )
 )
v. ) Case Number: 06-0178
 )
 )
U.S. DEPARTMENT OF HEALTH )
AND HUMAN SERVICES, )
 )
    Agency. )

## DECLARATION OF CHRISTINE H. SMITH

Pursuant to 28 U.S.C. § 1746, I, Christine Smith, declare:

1. I have been informed that Susanne Atanus ("Plaintiff") has filed documents in Federal district court, alleging that she was discriminated against on the bases of her race (Caucasian/white), national origin (second generation Assyrian), gender (female), religion (Christian/Catholic), age (DOB 12/07/1958) and reprisal (alleged prior complaint against General Services Administration ("GSA")) when, on September 8, 2004, she was not considered for the Outstanding Scholarship Program and her score was not high enough to make the best qualified list for the position of Writer Editor, GS-1082 11/12 under Vacancy Announcement No. HHS-OIG-2004-0160, advertised from July 27, 2004 through August 17, 2004.

2. I am submitting this Declaration for the Agency's use in the above-referenced case.

3. I am currently the Equal Employment Specialist, Equal Employment Opportunity Office, Office of the Secretary ("OS") Department of Health and Human Services ("DHHS").

4. I handle my office's intake and processing of Equal Employment Opportunity ("EEO") complaints at the informal and formal levels.

5. I have held this position for approximately 18 years.

6. I have worked for DHHS for approximately 26 years.

7. On June 14, 2006, the Office of Diversity Management and Equal Employment Opportunity issued a Final Agency Decision ("FAD") notice to Plaintiff and mailed said notice via Certified Mail, postage pre-paid. See Attached FAD.

8. The FAD letter was assigned the Certified Mail serial number of 7002 0860 0006 5879 5854.

9. The FAD informed Plaintiff of her appeal rights and was signed by Segundo Pereira, Director, of the Office of Diversity Management and Equal Employment Opportunity.

10. On July 7, 2006, the Agency received the proof of service receipt, attached hereto as Exhibit 2, which related that Plaintiff signed for the document on June 26, 2006.

11. Administrative Judge Gladys Collazo issued a decision dated March 16, 2006 rejecting Plaintiff's request for a hearing and granting the Agency's motion for summary judgment and thereafter on May 8, 2006, issued a Judgment pursuant to that decision. See Attached Order Entering Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 11-30-06

Christine H. Smith
Equal Employment Specialist
Equal Employment Opportunity Office
Office of the Secretary
U.S. Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Washington, D.C. 20201

JUN 14 2006

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Ms. Susanne Atanus
9054 Buckinham Park Drive
Des Plaines, IL 60016

Re:  File No. OSH-008-05
EEOC No. 100-2005-00784X

Dear Ms. Atanus:

This is to inform you of the Department's final decision on the subject Equal Employment Opportunity (EEO) complaint filed against the Department of Health and Human Services, Office of the Secretary (OS).

You claimed you were discriminated against on the bases of race (Caucasian), national origin (second generation Assyrian), sex (female), religion (Christian/Catholic), age (DOB: 12/07/58) and reprisal for prior complaint activity when:

1. On September 8, 2004, you were not considered for the Outstanding Scholarship Program; and,

2. You did not score high enough to make the best qualified list for the position of Writer Editor, GS-11/12, under Vacancy Announcement Number HHS-OIG-2004-0160.

Following the issuance of the Report of Investigation, you requested a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). On December 23, 2005, the Agency Representative determined there were no material facts in dispute and submitted a Motion for a Decision Without a Hearing (Motion) to EEOC AJ Gladys O. Collazo. You subsequently filed a Motion in Opposition on January 9, 2006. Administrative Judge Gladys O. Collazo decided there were no material facts in dispute and issued a Summary Judgement on May 8, 2006. Administrative Judge Collazo's Findings of Fact and Conclusions of Law were received in this Office on May 11, 2006. The Order informed us a copy of the Findings of Fact and Conclusions of Law was mailed to you.



Ex. A

Page 2 - Ms. Susanne Atanus - OSH-008-05; EEOC No. 100-2005-00784X

Administrative Judge Collazo found you were not discriminated against as alleged.

This is to notify you the Department will fully implement the Decision of EEOC Administrative Judge Collazo.

## NOTICE OF EEOC APPEAL RIGHTS

If you are dissatisfied with this Final Order implementing the Administrative Judge's decision, within thirty (30) calendar days of receipt of this correspondence, you have the right to appeal to:

> Equal Employment Opportunity Commission (EEOC)
> Office of Federal Operations (OFO)
> P.O. Box 19848
> Washington, DC 20036

The enclosed EEOC Form 573, *EEOC Notice of Appeal/Petition*, should be used to indicate what is being appealed.

If there is an attorney of record, the thirty (30) calendar day time-frame within which to appeal shall be calculated from the date of receipt of this correspondence by the attorney.

An appeal is deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC. If you do not file an appeal within the time limits indicated above, the appeal will be untimely and will be dismissed by the EEOC.

Any statement or brief you file in support of the appeal *must* be submitted to the OFO within thirty (30) calendar days of filing the *EEOC Notice of Appeal/Petition*. At the same time, you must furnish a copy of the *EEOC Notice of Appeal*, and any statement or brief submitted to the OFO in support of the appeal to:

> Director, Office of Diversity Management
> and Equal Employment Opportunity
> U. S. Department of Health and Human Services
> 200 Independence Avenue, S.W., Room 300E
> Washington, D.C. 20201

In or attached to the appeal and any other submission to the OFO, you must certify the date and method by which service was made on the agency.

Page 3 - Ms. Susanne Atanus - OSH-008-05; EEOC No. 100-2005-00784X

Within thirty (30) calendar days of receipt of the notice of appeal, the agency must submit the complaint file to the OFO. The agency has thirty (30) calendar days from receipt of the statement or brief in support of the appeal, or sixty (60) calendar days from the date of appeal if no statement or brief has been filed, to submit a brief in opposition to the appeal to the OFO, and simultaneously serve a copy of the opposition brief upon you.

You also have the right to file a civil action[1] in an appropriate United States District Court. If you choose to file a civil action, you may do so:

- within ninety (90) calendar days of receipt of this final order if no appeal has been filed;

- within ninety (90) calendar days after receipt of the EEOC's (OFO) final decision on the appeal;

- within one hundred eighty (180) calendar days from the date of filing a formal EEO complaint if no appeal has been filed and no final action has been issued; or

- within one hundred eighty (180) calendar days from the date of filing a formal EEO complaint if no appeal has been filed and no final action has been issued; or

- within one hundred eighty (180) calendar days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

You may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether you pursued any administrative complaint processing.

If you elect to file a civil action, you must name as the defendant, the Honorable Michael O. Leavitt, Secretary of the Department of Health and Human Services. Failure to name the Secretary may result in dismissal of your lawsuit.

If you decide to file a civil action under Title VII or the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you, and that the Court permit you to file the action without

---

[1] You may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether you pursued any administrative complaint processing. The filing of a complaint or appeal shall not toll the time for filing a civil action.

Page 4 - Ms. Susanne Atanus - OSH-008-05; EEOC No. 100-2005-00784X

payment of fees, costs, or other security. The granting or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within ninety (90) calendar days of the date you receive the final decision (or final order) from the agency or the appeal decision from the EEOC.

FOR THE DEPARTMENT:

Sincerely,

Segundo Pereira
Director, Office of Diversity Management
and Equal Employment Opportunity

Enclosure

cc:  David Shorts, Director, EEO, OSH/ACF/AoA
     Alexandra Meighan, Esq., OGC, GLD
     Lisa Barsoomian, Esq., Deputy Associate General Counsel, OGC
     Gladys O. Collazo, Administrative Judge, EEOC, Washington Field Office

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. SUSANNE ATANUS
9054 BUCKINGHAM PARK DR
DES PLAINES, IL 60016

A. Received by (Please Print Clearly)  B. Date of Delivery
Susanne Atanus    02/6/06

C. Signature
X S. Atanus
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7002 0860 0006 5877 5854

02-03-06
FINAL ORDER

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

EX. B



## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002

| | |
|---|---|
| Susanne Atanus,<br>    Complainant, | )<br>)<br>)  EEOC No. 100-2005-00784X<br>)  Agency No. OSH-008-05 |
| v. | )<br>) |
| Tommy G. Thompson,<br>U.S. Department of Health and Human Services,<br>    Agency. | )<br>)<br>)<br>) |

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated March 16, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached to the Decision.

This office is also enclosing a copy of the hearing record (documents generated during the hearing process) for the agency's EEO office only. This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval, by calling Tanya Stanfield at (202) 419-0716. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes, it shall be presumed that the parties received the foregoing Decision within five (5) calendar days after the date they were sent *via* first class mail.

It is so ORDERED.

Date: MAY 0 8 2006

_____
Gladys O. Collazo
Administrative Judge

TO:

Bonita V. White, Director
Equal Employment Opportunity Programs Group
Department of Health & Human Services
200 Independence Avenue, S.W., Suite 536E-HHH
Hubert Humphrey Building
Washington, D.C. 20201

Ex. C

(Decision Only)

Susanne Atanus
9054 Buckinham Park Drive
Des Plaines, IL 60016

Alexandra Meighan
Department of Health and Human Services
Office of the General Counsel
General Law Division
330 Independence Avenue, S.W.
Washington, D.C. 20210

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002

| | |
|---|---|
| Susanne Atanus,<br>Complainant,<br><br>v.<br><br>Tommy G. Thompson,<br>U.S. Department of Health and Human Services,<br>Agency. | EEOC No. 100-2005-00784X<br>Agency No. OSH-008-05 |

## DECISION

This Decision is issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3) (2005).

The Complainant has satisfied the procedural prerequisites for a hearing, but because there is no issue of material fact or credibility, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).[1]

---

[1] A moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and there is no issue as to credibility. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under the tripartite proof scheme for disparate treatment cases established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an employer can "obtain a summary judgment in one of two ways. He can demonstrate that the plaintiff's proffered evidence fails to establish a *prima facie* case, or, if it does, the defendant can present evidence that provides a legitimate nondiscriminatory explanation about which the plaintiff does not create a factual dispute." *Mitchell v. Data General Corp.*, 12 F.3rd 1310, 1316 (4th Cir. 1993). In other words, summary judgment against Complainant is appropriate if she fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 250.

Ex.D

On December 23, 2005, the Agency filed a Motion for Summary Judgment. On January 9, 2006, the Complainant filed a Motion for a Decision with a Hearing. Upon consideration of the entire record before me (Report of Investigation and the parties' submissions), and taking the facts in the light most favorable to the Complainant, I GRANT summary judgment in favor of the Agency.

## CLAIM

Whether the Agency discriminated against Complainant on the bases of her race (Caucasian), national origin (second generation Assyrian), sex (female), religion (Christian/Catholic) and age (DOB 12/7/58), and in retaliation for prior complaints of discrimination, when:

1. On September 8, 2004, she was not considered for the Outstanding Scholarship Program; and

2. She was not scored high enough to make the best qualified list for the position of Writer Editor, GS11/12, under vacancy announcement no. HHS-OIG-2004-0160.

## DISCUSSION

The undisputed facts in this case show that Complainant, who claims that she filed previous complaints of discrimination against the General Services Administration, applied for

---

When opposing a properly supported motion for summary judgment, a party must respond with *specific facts* showing that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 250. An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, she must go beyond the pleadings and support her contentions with proper documentary evidence. *Celotex Corp.*, 477 U.S. at 324. To defeat summary judgment, a party must show that there is sufficient material evidence supporting the claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson*, 477 U.S. at 248-49.

2

the position at issue using the Quickhire system. In the Quickhire system the applicants provide answers to multiple choice questions. The candidates answers are then scored. Complainant did not score high enough to make the best qualified list. Her name was not referred for selection. Four other candidates were selected: three were Caucasians; three were males; one female; and their ages were 58, 43, 41, and 28. The religions and national origins of the selectees are not readily available from the record.

In the absence of direct evidence, Complainant initially must establish, by a preponderance of the evidence, at least a *prima facie* case of discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a *prima facie* case of disparate treatment in a nonselection case, a Complainant must show: (1) that she is a member of a group protected from discrimination; (2) that she applied for and was qualified for the position at issue; and (3) that she was rejected under circumstances which give rise to an inference of unlawful discrimination, *e.g.*, the Agency continued to seek applicants with similar qualifications, or filled the positions with persons who were not members of Complainant's protected group. *McDonnell Douglas Corp.*, 411 U.S. at 802, n.13. With respect to age discrimination, Complainant may present a *prima facie* case by presenting evidence that she was treated differently from someone significantly younger. *O'Connor v. Consolidated Coin Caterers Inc.*, 517 U.S. 308, 313 (1996).

If Complainant establishes a *prima facie* case of discrimination, the burden then is on the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 253-54; *McDonnell Douglas*, 411 U.S. at 802. If the Agency does so, the *prima facie*

3

inference drops from the case. *Hicks*, 509 U.S. at 507, 510-11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact that the agency unlawfully discriminated against her/him. *Hicks*, 509 U.S. at 511; *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

As the Agency correctly argued in its Motion, Complainant has failed to present a *prima facie* case of discrimination: she failed to show that she was qualified for the position. Her application was not on the best qualified list. *See Holtcamp v. HUD*, 1993 WL 1505859 (E.E.O.C. 1993) (appellant failed to establish a *prima facie* case because she did not make the best qualified list for the position); *Terry v. U.S.*, 2000 WL 204522 (S.D.N.Y. 2000) (Complainant could not demonstrate that the basis for non-selection was discriminatory because he did not make the "best qualified list").

Furthermore, as the Agency correctly argues in its Motion, assuming that Complainant presented a *prima facie* case of discrimination, the Agency articulated a legitimate, nondiscriminatory reasons for its action: that her application did not score high enough to be referred to the selecting official; that she did possess experience to qualify her for the position; that the selectees were better qualified than Complainant; and that she was not entitled to be considered under the Outstanding Scholarship Program.

Complainant received a score of 92.2. The candidates on the best qualified list scored between 97.90 and 104.10. In addition, Complainant's resume did not support the writing experience she listed on her answers to the Quickhire questions. According to the Agency, her

4

writing experience would have qualified her for a GS-9 position, not the GS-11/12 position advertised in the vacancy announcement. Furthermore, the selectees were substantially more qualified than Complainant; their collective experience ranged from senior managing editors of other publications, graduates of journalism schools, free lance writers, and senior editor for Africa at the State Department.

In addition, the position at issue was not subject to the Outstanding Scholarship Program because this Program applies to only certain positions at the GS-5, GS-7 grade level, and the position at issue was a GS-11/12. Complainant proffered no evidence, to rebut the Agency's articulated reasons. Most important, Complainant did not proffer any evidence that the Agency's action was motivated by the alleged prohibited bases.

## CONCLUSION

Complainant's bald and unsubstantiated claims of discrimination and retaliation fail. Accordingly, the Agency is entitled to judgment as a matter of law.

Date: March 16, 2006

Gladys O. Collazo
Administrative Judge

### NOTICE TO THE PARTIES

*TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

5

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

*TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

*WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:
Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:
Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

6

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.