UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSANNE ATANUS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1078 (JDB) |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary, ) | |
| U.S. Department of Health and Human Services, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Michael O. Leavitt, Secretary, U.S. Department of Health and Human Services ("HHS"), respectfully files this reply in support of its motion to dismiss or in the alternative for summary judgment, in this employment discrimination case brought under Title VII.  Defendant sought dismissal on the grounds that *pro se* Plaintiff has not filed a complaint, but has instead filed what appears to be a virtual copy of a motion from her administrative proceedings.  Moreover, Plaintiff filed these papers in District Court a day before HHS issued its final agency decision, and therefore, even if the papers were deemed a complaint, Plaintiff's case is still subject to dismissal for failure to exhaust her administrative remedies prior to filing suit.  Furthermore, now that the agency has issued its final agency decision, the statute of limitations has long since passed for Plaintiff to file a proper complaint in this Court.

The Court set a deadline, pursuant to Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), of December 22, 2006, for Plaintiff to file her opposition to Defendant's motion.  Undersigned

counsel received, on December 21, 2006, via Fed-Ex, a copy of Plaintiff's "Motion to Deny Defendant's Motion to Dismiss or in the Alternative for Summary Judgment in Favor of the Agency." Counsel is treating the "Motion" as Plaintiff's opposition to Defendant's pending dispositive motion. A copy is attached hereto because it has not been served via ECF and may not yet have been filed with the Court.

Plaintiff's opposition consists of approximately 30 unnumbered[1] pages of somewhat disjointed argumentation regarding the numerous issues in her underlying allegations of employment discrimination. With the exception of the language quoted below, however, the opposition does not address, much less clash with, the argumentation and authorities cited in Defendant's dispositive motion. The penultimate page, under the heading "Conclusion," asserts that the Court is to view the facts in the light most favorable to her; that the agency has not offered a legitimate, non-discriminatory reason for her non-selection; that she has proven pretext; and that she is, therefore, entitled to both judgment as a matter of law and a trial. See Plf. Opp. at unnumbered page 29. None of this responds to the arguments presented in Defendant's dispositive motion.

As to whether her putative complaint was proper, she continues:

My motion is to deny the Agency's request to Dismiss or in the alternative for Summary Judgment on the grounds that *I submitted the proper documents timely to the Court*, including a Motion to deny the Agency's request for Summary Judgment, per the Court's request and instructions to me.

Id. (emphasis added). The italicized language could reasonably be interpreted to refer not only to her instant opposition, but also to the papers now docketed as her complaint. This interpretation

---

[1] The handwritten (sometimes incorrect) pagination and stray marks on several pages are that of undersigned counsel.

is consistent with the last of the five pages of material attached apparently as exhibits to her opposition. All five pages purport to be Plaintiff's handwritten notes of conversations she had with personnel at the Court's Clerk's office. The fifth page is dated December 6, 2006, and it explains that:

> the Civil Docket Clerk . . . was advised [i.e. presumably by Plaintiff] that the Dep't of Justice said that I did not submit a complaint. She was advised that I submitted a complaint, and she told me to change it. She said that it isn't a complaint. She was advised that I submitted a brief that I called a complaint, and she told me to change it[.]

Id. This handwritten note, to the extent it might become admissible evidence, suggests that Plaintiff's continuing failure to file appropriate papers in support of her case results not from negligence or ignorance of the rules, but rather from her simple refusal to correct the deficiencies made known to her by a third party. At a minimum, it seems clear that Plaintiff is aware of the deficiencies in her putative complaint and has made no efforts to correct it.

It also bears noting that, at this point in these proceedings, she has also missed the deadline to file another required document: a response to Defendant's Statement of Material Facts supported by evidence for her opposition to any particular facts. None of the exhibits attached to her opposition have any connection to the factual issues raised in Defendant's Statement of Material Facts.

Finally, Plaintiff has no answer to the argument that she failed to exhaust administrative remedies by filing her papers one day before Defendant issued its final agency decision.

Accordingly, for the reasons stated herein, and in Defendant's dispositive motion, Defendant submits that dismissal is appropriate.

December 22, 2006                               Respectfully submitted,

                                                                                           JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendant's Reply in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment, supporting Memorandum, Statement of Material Facts, and supporting exhibits to be served upon *pro se* Plaintiff by first class mail addressed to:

    SUSANNE ATANUS
    9054 Buckingham Park Dr.
    Des Plaines, IA 60016

on this 22nd day of December, 2006.

                                      /s/
                          ALAN BURCH, D.C. Bar # 470655
                          Assistant United States Attorney
                          555 4th St., N.W.
                          Washington, D.C. 20530
                          (202) 514-7204
                          alan.burch@usdoj.gov