UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SUSANNE ATANUS,

    Plaintiff,

    v.

MICHAEL O. LEAVITT,
Secretary, U.S. Dep't of Health & Human Servs.

    Defendant.

Civil Action No. 06-1078 (JDB)

## MEMORANDUM OPINION & ORDER

Pending before the Court in this employment-discrimination case is a motion to dismiss or in the alternative for summary judgment. The resolution of the motion turns on whether pro se plaintiff Susanne Atanus ("Atanus") failed to exhaust her administrative remedies and whether her complaint satisfies the minimum pleading standard of Rule 8 of the Federal Rules of Civil Procedure. For the reasons explained herein, the Court concludes that defendant Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services ("HHS"), has not sufficiently demonstrated that Atanus failed to exhaust her administrative remedies or that Atanus's complaint contains fatal deficiencies under Rule 8.

### BACKGROUND

On June 13, 2006, Atanus filed a complaint in this court alleging that HHS discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2000). Atanus asserts that HHS denied her application for a position as Writer/Editor at a GS 11/12 rating because she is Caucasian, of Assyrian origin, female, Christian, and over the

1

age of 40. Compl. at 2. Atanus additionally alleges that HHS denied her the position in retaliation for her prior discrimination complaints. Id. The Writer/Editor position was advertised through a vacancy announcement from July 27, 2004, to August 17, 2004. Id. Atanus applied for the position through the Quickhire system, which scores candidates based on their answers to multiple choice questions. Id. at 12. Atanus alleges that she scored high enough to make the list of best-qualified candidates but was not considered for the position through the Outstanding Scholar Program for discriminatory reasons. Id. at 2. She contends that from over five hundred applicants, four candidates were chosen, all of whom were Jewish and one of whom also had veteran status. Id. at 12-13. Atanus alleges that HHS did not select her for the position because she is neither Jewish nor a veteran. Id. at 2-3.

In addition, Atanus alleges that HHS discriminated against her when it did not timely inform her that she could apply for the Writer/Editor position through the Merit Promotion Plan. Id. at 3. The Merit Promotion Plan requires a candidate to file an SF-50 form as part of the application package. Id. at 25. Atanus alleges that she faxed the form to HHS, but her superior falsely claimed that it was not received. Id. at 3. She further alleges that, although HHS later admitted that it had received the form and failed to put it into Atanus's file, HHS concluded as a pretext that she would nonetheless have been ineligible for the Plan because her resume did not substantiate her experience or provide examples of specific writing accomplishments. Id. at 3-5.

Atanus filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"); evidence pertaining to the date and contents of the EEOC complaint is absent from the record before the Court. In the administrative proceedings, HHS filed a motion for summary judgment on December 23, 2005, which was granted without a hearing by an

administrative law judge ("ALJ") on March 16, 2006. Decl. of Christine H. Smith ("Smith Decl.") ¶ 11; id. Ex. D (Decision, Atanus v. Thompson, EEOC No. 100-2005-00784X (Mar. 16, 2006)) at 2. The ALJ issued an order entering judgment for HHS on May 8, 2006, id. ¶ 11; the order was received by HHS on May 11, 2006, id. Ex. A (Letter from HHS to Atanus (June 14, 2006)). Thirty-four days later (and one day after Atanus filed her complaint in this court), on June 14, 2006, HHS issued its final agency decision ("FAD") adopting the ALJ decision. Id. ¶ 7. Atanus received a copy of the FAD on June 26, 2006. Id. ¶ 10.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley, 355 U.S. at 47). "Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (internal quotation marks omitted).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968

(D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Fed. R. Civ. P. 56(c)).

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. Celotex, 477 U.S. at 322. "If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." <u>Id.</u> at 252.

## ANALYSIS

HHS presents two arguments in support of its motion. First, HHS contends that Atanus failed to exhaust her administrative remedies because she filed her complaint in this court prior to her receipt of the FAD and before HHS's time for issuing the FAD had expired. Second, HHS argues for dismissal because Atanus's complaint does not comport with Rule 8(a) of the Federal Rules of Civil Procedure and any new complaint would be time-barred.

Under the regulations implementing Title VII, an agency has forty days from the date of its receipt of an ALJ's decision granting summary judgment without a hearing in which to take final action by issuing an FAD. <u>See</u> 29 C.F.R. § 1614.110(a) (2006); <u>id.</u> § 1614.109(g). If the agency does not issue an FAD within those forty days, the ALJ decision becomes the final agency action. § 1614.109(i). A complainant then has only ninety days from his or her receipt of the final agency action in which to file a civil action. <u>Id.</u> § 1614.407(a). HHS argues that Atanus failed to exhaust her administrative remedies because she did not wait for the issuance of the FAD before filing her complaint in this Court. Def.'s Mem. in Support of Mot. to Dismiss at 6. However, HHS ignores the second time frame provided for in the EEOC regulation, which states that a plaintiff may file suit in district court after 180 days from the date of filing an administrative complaint if an appeal has not been filed and final action has not been taken. § 1614.407(b). Therefore, Atanus's complaint is premature only if it was filed before the expiration of the forty-day period in which HHS could take final action <u>and</u> less than 180 days

from the filing date of her EEOC complaint. See, e.g., Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990) (finding that plaintiff who filed civil action before receiving a final decision on her EEOC appeal and before waiting 180 days from taking the appeal failed to exhaust her administrative remedies).

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985). HHS's submissions only address the fact that Atanus filed her complaint prior to receiving HHS's FAD and do not speak to the filing date of Atanus's administrative complaint. Because HHS has not demonstrated that Atanus filed this action prior to receiving HHS's FAD and prior to waiting the requisite 180 days after the filing of her administrative complaint, its claim for failure to exhaust administrative remedies "is not adequately borne out by the record." Brown, 777 F.2d at 12; cf. id. (determining that defendant "made no colorable showing of non-exhaustion" based on untimely administrative counseling because record did not include any information about complainant's initial contact with EEO counselor, duration of counseling, or date of final interview ). Thus, the Court cannot grant HHS's motion for summary judgment on the record before it.[1]

Turning to the sufficiency of Atanus's pleadings, Rule 8 of the Federal Rules of Civil Procedure establishes the minimum standard for a complaint. Rule 8(a)(2) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be

---

[1]The denial is without prejudice to a properly-supported motion for summary judgment on the exhaustion issue.

simple, concise, and direct." The Supreme Court has noted that Rule 8 requires a complaint only to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; see also Swierkiewicz, 534 U.S. at 506 (holding that employment-discrimination complaint need not contain facts establishing prima facie case, but only short statement of claim showing that plaintiff is entitled to relief). Furthermore, a pro se complaint, which we have in this case, is held to "less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972).

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, "[b]ecause racial discrimination in employment is a claim upon which relief can be granted, . . . . 'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)." Sparrow, 216 F.3d at 1115 (internal quotation marks omitted). Certainly the dismissal of a pro se complaint is proper under certain circumstances. See, e.g., Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (affirming dismissal of amended pro se complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing complaint filed by historically litigious pro se plaintiff that consisted of "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies," and did not "allege[] with even modest particularity the dates and places of the transactions of which [the plaintiff] complain[ed]"). But such circumstances are not present here. Atanus's complaint alleges that HHS did not award her the Writer/Editor position because of her race, age,

ethnicity, and gender, and in retaliation for previous EEOC complaints, and it alleges specific facts in support of those allegations. That is all a complaint under Title VII needs to do in order to survive a motion to dismiss. See Sparrow, 216 F.3d at 1115.

The Court is therefore not persuaded by HHS's argument that Atanus's complaint must be dismissed because she apparently pasted a district court caption on a pre-existing EEOC filing. Rule 8(e) confirms that "[n]o technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e)(1); see also Application of President & Dirs. of Georgetown Coll., Inc., 331 F.2d 1000, 1001 n.2 (D.C. Cir. 1964) (noting, with respect to plaintiffs' two-paragraph "application," that "[t]hough the papers may be irregular in form, in substance they perform the office of a complaint, indicating the nature of the matter in dispute, the grounds of jurisdiction, and the relief sought"). Nor does the Court agree that Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984) (per curiam), requires dismissal of this case. Baldwin County held that a right-to-sue letter did not constitute a complaint under Rule 8 "because there was no statement in the letter of the factual basis for the claim of discrimination," id. at 149, and that the filing of the right-to-sue letter did not otherwise toll the time for filing a proper complaint, id. at 151. In this case, Atanus's complaint alleges numerous facts, including specific dates and events, in support of her claims; indeed, it contains far more than is required. Hence, although it is not a model of clarity, and portions of the complaint could be the subject of a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure, the pro se complaint in this action is sufficient to survive HHS's motion to dismiss.[2]

---

[2] It is left for another day to determine whether plaintiff's complaint states a claim that can survive a motion under Rules 12(b)(6) or 56.

Finally, the Court can dispose summarily of Atanus's "motion to appeal summary judgment in favor of the agency" ("Motion to Appeal"), filed on August 16, 2006, and her "motion to deny defendant's reply in support of motion to dismiss or in the alternative for summary judgment ("Motion to Deny"), filed on January 5, 2007. The Motion to Appeal, which asks the Court to review the ALJ's decision on HHS's administrative summary-judgment motion, is duplicative of the complaint and will therefore be denied. The Motion to Deny was filed in response to HHS's reply brief and is in the nature of a surreply. The Court will therefore construe the Motion to Deny as a motion for leave to file a surreply. "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The Motion to Deny does not address any new arguments made in HHS's reply, and therefore it too will be denied.

## CONCLUSION

The Court finds that HHS did not present sufficient evidence in support of its affirmative defense of failure to exhaust administrative remedies. The Court also concludes that the complaint in this action meets the minimum pleading standard of Rule 8.

## ORDER

Upon consideration of the parties' motions and the entire record herein, it is this <u>27th</u> day of <u>February,</u> 2007, hereby

**ORDERED** that plaintiff's [2] motion to appeal summary judgment in favor of the agency is **DENIED**; it is further

**ORDERED** that defendant's [10] motion to dismiss or in the alternative motion for

9

summary judgment is **DENIED**; it is further

    **ORDERED** that plaintiff's [14] motion to deny defendant's reply is **DENIED**; and it is further

    **ORDERED** that defendant shall answer, or otherwise respond to, plaintiff's complaint by not later than March 27, 2007.

                                               /s/ John D. Bates
                                                JOHN D. BATES
                                       United States District Judge