# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **SUSANNE ATANUS,** | ) |
| | ) |
| **Complainant,** | ) |
| | ) |
| **v.** | )   **Case Number:  1:06CV01078** |
| | ) |
| **U.S. DEPARTMENT OF HEALTH** | ) |
| **AND HUMAN SERVICES,** | ) |
| | ) |
| **Agency.** | ) |

_____)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Michael O. Leavitt, Secretary, Department of Health and Human Services

("HHS"), through his undersigned counsel, hereby answers Plaintiff's complaint:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to exhaust administrative remedies for some or all of her claims.

### Third Affirmative Defense

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial

remedies for Title VII complaints.

### Fourth Affirmative Defense

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res

judicata, collateral estoppel, settlement and release, or accord and satisfaction.

**Fifth Affirmative Defense**

Plaintiff has failed to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

**SPECIFIC RESPONSES**

Defendant responds to the specific allegations of Plaintiff's complaint in the numbered paragraphs below. The paragraphs that constitute Plaintiff's complaint are not numbered. To ensure clarity and plainly identify the allegations to which Defendant responds, Defendant has numbered the paragraphs in a copy of Plaintiff's complaint, and recorded the numbers in the left column of that copy. Said numbered copy is attached hereto as Exhibit 1. Defendant responds to those numbered allegations as follows:

1. Paragraph 1 sets forth Plaintiff's description of her action, to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.

2. Paragraph 2 sets forth legal conclusions and Plaintiff's description of her action, to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2.

3.  Paragraph 3 sets forth legal conclusions and Plaintiff's description of her action, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  To the extent the allegations of Paragraph 3 purport to characterize pleadings submitted in the proceedings below, Defendant respectfully refers the Court to the relevant portions of the administrative record for a true and accurate statement of the contents of those pleadings, and denies all contrary allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 3.

4.  Paragraph 4 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 4.

5.  Paragraph 5 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5.

6.  Paragraph 6 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 6.

7.  Paragraph 7 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies

all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 7.

8. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 8.

9. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12.

13. Defendant denies that false statements were made. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

15. Plaintiff's allegation that HHS discriminated against her is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 15.

16.  Defendant denies that false statements were made.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 16.

17.  Paragraph 17 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 17.

18.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 18.

19.  Paragraph 19 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 19.

20.  The first sentence of Paragraph 20 poses a question and does not make an allegation of fact, and therefore no response is required.  The second sentence of Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 20.

21.  The first sentence of Paragraph 21 sets forth Plaintiff's prayer for relief, to which no answer is required.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining averments in Paragraph 21.

22.  Defendant admits that four candidates were selected for the position of Writer/Editor, GS-1082 11/12 advertised under Vacancy Announcement No. HHS-OIG-2004-0160 (hereafter the "Announced Vacancy").  Defendant admits that three selectees were male and one was female.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 22.

23.  Defendant admits that Plaintiff was not selected for the Announced Vacancy. Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 23.    24.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 24.

25.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 25.

26.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26.

27.  Defendant denies that false statements were made.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 27.

28.  Paragraph 28 sets forth Plaintiff's description of the questions presented in this case,

to which no response is required.  To the extent a response is deemed necessary, Defendant

denies all allegations that any discrimination occurred.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining averments in Paragraph 28.

29.  Denied.

30.  Paragraph 30 sets forth Plaintiff's description of the questions presented in this case,

to which no response is required.  To the extent a response is deemed necessary, Defendant

denies all allegations that any discrimination occurred.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining averments in Paragraph 30.

31.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 31.

32.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 32.

33.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 33.

34.  Defendant denies all allegations that any discrimination occurred.  To the extent the

allegations of Paragraph 34 purport to characterize statements made by HHS in the proceedings

below, Defendant respectfully refers the Court to the relevant portions of the administrative

record for a true and accurate description of those statements, and denies all contrary allegations.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining averments in Paragraph 34.

35.  Denied.

36.  Paragraph 36 sets forth Plaintiff's description of the questions presented in this case, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination or verbal harassment occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 36.

37.  Defendant denies all allegations that any discrimination occurred.  Defendant denies Plaintiff's allegations that HHS "ha[s] not been cooperating with Atanus, but, ha[s] been playing appalling games with her."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 37.

38.  Defendant denies all allegations that any discrimination occurred.  Defendant denies that HHS engaged in behavior that was "appalling, ridiculous, [or] unreasonable."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 38.

39.  The allegations of Paragraph 39 set forth legal conclusions, Plaintiff's claim for damages, and Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred and denies all allegations that Plaintiff suffered physical, economic, financial, or emotional harm, damage, or distress.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 39.

40.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41.

42. Paragraph 42 sets forth Plaintiff's description of the questions presented in this case, to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred. Defendant admits that David Shorts, Melinda Bing and Donna Thomas are African American. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 42.

43. Paragraph 43 sets forth Plaintiff's description of the questions presented in this case, to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 43.

44. Paragraph 44 sets forth Plaintiff's description of the questions presented in this case, to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 44.

45. Defendant admits that Plaintiff filed the instant civil action against Defendant alleging discrimination. The remainder of Paragraph 45 sets forth legal conclusions and Defendant's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies all the allegations in Paragraph 45.

46. Paragraph 46 sets forth legal conclusions and Plaintiff's description of the questions presented in this case, to which no response is required. To the extent a response is deemed

necessary, Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 46.

47.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 47.

48.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 48.

49.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 49.

50.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the averments in Paragraph 50.

51.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 51.

52.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 52.

53.  To the extent the allegations of Paragraph 53 purport to characterize the contents of

the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the

relevant documents for a true and accurate statement of their contents, and denies all contrary

allegations.  Defendant admits that Plaintiff applied for the position of Writer/Editor, GS-1082

11/12, Vacancy Announcement No. HHS-OIG-2004-0160 and Melinda Bing, an HR Specialist

for two and a half years, was assigned to the case, determined the best qualified applicants and issued the certificate of eligibles. Defendant admits that Plaintiff is not an employee of the Defendant. Defendant admits that the position of Writer/Editor, GS-1082-12, involves such tasks as preparing and editing various materials used to present and promote the Office of Audit Services ("OAS") programs and activities in correspondence, technical articles and manuals, news releases, periodicals, Congressional reports, brochures, pamphlets, speeches and scripts.

54. To the extent the allegations of Paragraph 54 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant admits that in using the Quickhire system to apply for the position of Writer/Editor, GS-1082 11/12, candidates provide responses to multiple choice questions and are subsequently issued a score based on their objective responses. Defendant admits that candidates may also provide essay responses, but the essay responses are used to support the objective response and do not contribute to one's score. Defendant admits that candidates are not reviewed by a panel and are not compared to one another during the rating process. Defendant admits that in this case, six (6) candidates were referred for the Delegated Examining Unit certificates**.**

55. Admitted.

56. Defendant denies that the lowest referred score on the certificates was 96.10. Defendant admits that five hundred (500) applicants applied for the Announced Vacancy, and that four (4) candidates were selected for the Announced Vacancy. Defendant admits that the four selectees were Caucasian. Defendant admits that three selectees were male and one was

female, and that the selectees' ages were 58, 41, 28 and 43.  Defendant denies all allegations that

any discrimination occurred.  To the extent the allegations of Paragraph 56 purport to

characterize the definition of a "protected class," those are legal conclusions to which no

response is required.  To the extent the allegations of Paragraph 56 purport to characterize

provisions of civil rights laws, Defendant respectfully refers the Court to the relevant laws for a

true and accurate statement of their contents and denies all contrary allegations.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in

Paragraph 56.

57.  To the extent the allegations of Paragraph 57 purport to characterize the contents of

the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the

relevant documents for a true and accurate statement of their contents, and denies all contrary

allegations.  Defendant denies all allegations that any discrimination and/or reprisal occurred.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining averments in Paragraph 57.

58.  Admitted.

59.  Paragraph 59 is a prayer for relief, to which no response is required.  To the extent a

response is deemed necessary, Defendant denies the allegations of Paragraph 59.

60.  Paragraph 60 sets forth legal arguments, to which no response is required.  To the

extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant

legal opinions for a true and accurate statement of their contents, and denies all contrary

allegations.

61.  Paragraph 61 consists of legal arguments, to which no response is required.  To the

extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant legal opinions for a true and accurate statement of their contents, and denies all contrary allegations.

62. Paragraph 62 consists of legal arguments, to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant legal opinions for a true and accurate statement of their contents, and denies all contrary allegations.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63.

64. Defendant admits that four candidates were selected for the Vacancy Announcement, and that those four selectees were Caucasian. Defendant admits that three of the selectees were male, and that one selectee was female. To the extent the allegations of Paragraph 64 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 64.

65. Denied.

66. To the extent the allegations of Paragraph 66 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant denies all allegations that any discrimination occurred. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 66.

67. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 67.

68. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 68.

69. Defendant admits that the selectees' ages were 58, 41, 28 and 43. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 69.

70. Denied.

71. Paragraph 71 sets forth legal arguments, to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant legal opinions for a true and accurate statement of their contents, and denies all contrary allegations.

72. Defendant denies all allegations that any discrimination or reprisal occurred. To the extent the allegations of Paragraph 72 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 72.

73. Defendant denies all allegations that any discrimination occurred. To the extent the allegations of Paragraph 73 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant admits that in using the Quickhire system to apply for the position of Writer/Editor, GS-1082 11/12, candidates provide responses to multiple choice questions and are subsequently issued a score based on their objective responses. Defendant admits that candidates may also provide essay responses, but the essay responses are used to support the objective response and do not contribute to one's score. Defendant admits that candidates are not reviewed by a panel and are not compared to one another during the rating process. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 73.

74. Defendant admits that out of five hundred (500) applicants who applied for the Announced Vacancy, four candidates were selected. Defendant admits that the four selectees were Caucasian. Defendant admits that three selectees were male and one was female. Defendant admits that the selectees' ages were 58, 41, 28 and 43. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 74.

75. To the extent the allegations of Paragraph 75 purport to characterize an Office of Personnel Management guidance Defendant respectfully refers the Court to the relevant document for a true and accurate statement of its contents, and denies all contrary allegations. Defendant denies all allegations that any discrimination occurred. To the extent the allegations of Paragraph 75 purport to characterize the contents of the Record of Investigation and exhibits

thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 75.

76. To the extent the allegations of Paragraph 76 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant denies that preferential treatment and/or any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 76.

77. Paragraph 77's characterizations of the requirements of Title VII are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant respectfully refers the Court to the relevant laws for a true and accurate statement of their contents, and denies all contrary allegations. To the extent the allegations of Paragraph 77 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of their contents, and denies all contrary allegations. Defendant denies all allegations that any discrimination occurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 77.

78. Defendant denies all allegations that any discrimination occurred. To the extent the allegations of Paragraph 78 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of the contents of such documents, and denies all contrary allegations.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 78.

79.  To the extent the allegations of Paragraph 79 purport to characterize the contents of the Record of Investigation and exhibits thereto, Defendant respectfully refers the Court to the relevant documents for a true and accurate statement of the contents of such documents, and denies all contrary allegations.  Defendant denies all allegations that any discrimination occurred.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 79.

80.  Paragraph 80 sets forth legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies all allegations that any discrimination occurred.  To the extent the allegations of Paragraph 80 purport to characterize the definition of a "protected class," those are legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 80.

81.  Denied.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.  Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a(b)(3)(D).

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover

its costs in this action, and for such other relief as may be appropriate.


March 27, 2007

                                         Respectfully submitted,
                                               /s/ Jeffrey A. Taylor
                                     _____

                                     JEFFREY A. TAYLOR, D.C. Bar # 498610
                                     United States Attorney

                                     /s/ Rudolph Contreras
                                     _____

                                     RUDOLPH CONTRERAS, D.C. Bar # 434122
                                     Assistant United States Attorney

                                     /s/ Robin M. Meriweather
                                     _____

                                     ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                     Assistant United States Attorney
                                     555 Fourth St., N.W.
                                     Washington, D.C.  20530
                                     (202) 514-7198
                                     Robin.Meriweather2@usdoj.gov


**Of Counsel:**

DANIEL MERON
General Counsel

JEFFREY DAVIS
Associate General Counsel

ALEXANDRA MEIGHAN
Agency Representative
U.S. Department of Health and Human Services

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2007, I caused a copy of the foregoing Answer to be served upon *pro se* Plaintiff by first class mail addressed to:

SUSANNE ATANUS
9054 Buckingham Park Dr.
Des Plaines, IA 60016

/s/ Robin M. Meriweather
_____

Robin M. Meriweather,  D.C. Bar # 490114
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7198
Robin.Meriweather2@usdoj.gov

-19-