UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SUSANNE ATANUS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1078 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, | ) | |
| Secretary, United States Department | ) | |
| of Health and Human Services (HHS), | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' JOINT 16.3 REPORT

Pursuant to Local Civil Rule 16.3, counsel for the parties conferred on April 18, 2007. As a consequence of this conference, the parties hereby report to the Court as follows:

Statement of the Case:

**PLAINTIFF'S POSITION:**

The Plaintiff has established a strong case of discrimination against the Defendant, and, therefore, has a strong case of discrimination against the defendant on nine counts of discrimination and thirteen issues of discrimination. The Plaintiff has established a Prima facie case of discrimination against the Defendant. She feels that she has established a Prima facie case against the Defendant on reprisal, also. The Defendant is still discriminating against the Plaintiff on nine counts of discrimination by not agreeing to settle with her even though the Plaintiff has recently asked again on April 2, 2007 that HHS settle with her. On April 18, 2007, Robin Meriweather, Assistant U.S.

State's Attorney, advised the Plaintiff that HHS does not want to settle with her at this time, despite the fact that she asked on April 2, 2007, and numerous times before over the last 3 ½ years that the Agency settle with her since she is suffering economically and emotionally from HHS' non-selection of her for the Writer/Editor position.

The Court has said that all the Plaintiff needed to say to establish a Prima facie of discrimination was that she was discriminated against in the non-selection of a Writer/Editor position at HHS because of her race, and she said that.

Plaintiff in this case is Susanne Atanus.  Plaintiff filed this employment discrimination action based on Defendant's non-selection of Plaintiff for the position of Writer/Editor, GS-11/12, under Vacancy Announcement No. HHS-OIG-2004-0160.  There are thirteen issues presented including whether Atanus was discriminated against on nine counts of discrimination when she was denied a Writer/Editor GS-11/12 position when she applied as an Outstanding Scholar with non-competitive status for 7 locations.  She feels that should have been offered a position in Chicago, IL, or in the six other locations because she was an Outstanding Scholar, and had noncompetitive status over Brian Moskal, who is a Jewish Vet with XP status, and was selected for the Chicago, IL position.  The Plaintiff is seeking restitution for her non-selection including obtaining a Writer/Editor GS-11/12 position in Chicago, IL.  Plaintiff further states that HHS's failure to settle the case by this date is further discrimination on nine counts of discrimination against her.  The counts of discrimination are cited in the following paragraph.

Plaintiff alleges that the non-selection was discriminatory on the basis of her race, color, sex, national origin, religion, age, and reprisal, Vet status, and XP status.  Plaintiff

is a second-generation Assyrian female, and Christian Catholic, and was born on 12/07/58.  She is 48 years old.  She is, therefore, in four protected classes: Age, sex, religion, and national origin.  Plaintiff is an Outstanding Scholar, and had a graduate grade point average of 3.84/4.00 with her Master of Business (MBA) degree with Distinction from DeVry University, Keller Graduate School of Management (June, 2003).  Plaintiff also has another master degree:  a Master of Public Administration (MPA) degree from the University of Illinois at Chicago.  She has a BA from Northwestern University, Evanston, IL.  Plaintiff is a skilled writer, and has a lot of experience including writing a movie, play, a book, filing legal documents in courts, and Appeals courts, writing memos, reports, research papers, and letters.  Plaintiff also has edited material.  She states that Outstanding Scholars are great Writers, and the Department of Health and Human Services is and was looking for Outstanding scholars because they are great writers, and are great government employees.

      The vacancy announcement said that being an Outstanding Scholar was part of the criteria for selection with noncompetitive status.  The government did not change that criteria from the Vacancy Announcement.  Plaintiff is an Outstanding Scholar.  HHS discriminated against Plaintiff, given that she is an Outstanding Scholar with two Master's degrees, and a member of four protected classes.  Plaintiff was not treated in the same or similar way as selectees who are Jewish including but not limited to: Michael Greissel, Charles Liverhant, Brian Moskal, and Sara AllinderMestre.  Plaintiff states that should have been selected for all 7 locations, and asked what her choice was.  Plaintiff's first choice for a Writer/Editor position is in Chicago, IL.

Plaintiff has established a *Prima facie* case of discrimination and reprisal when she said that she was denied a Writer/Editor position because of her race as White Caucasian, and HHS knows that she was wrongfully removed from GSA effective on July 7, 2003, after filing a complaint of discrimination. If she was Black, or a minority, Plaintiff feels that she would have been selected for a position with Writer/Editor experience, two Master's degrees, and being an Outstanding Scholar. She is, however, in four protected classes.

**DEFENDANT'S POSITION:** Defendant believes that Plaintiff will be unable to establish a *prima facie* case of discrimination or reprisal, and that Defendant will therefore prevail on its motion for summary judgment.

With regard to the matters to be included in the parties' 16.3 report, the parties state as follows:

1. <u>Dispositive Motions</u>:  There are no pending dispositive motions. However, Defendant believes the case should be decided by motion for Summary Judgment at the conclusion of discovery. Plaintiff believes that the case should be decided by motion for Summary Judgment in her favor at the conclusion of discovery, and she should be given her demands: a job at HHS in Chicago, IL preferably as a GS-15/16 Deputy Regional Administrator, Great Lakes Region, including back pay and 6 % to her Thrift Savings Plan (TSP) from 30 days after her application was received, to the date of judgment of the Court in her favor. Plaintiff's demands also include the time that she has been denied a position to be included in her employment record for retirement and pension benefits, $300,000 compensatory damages, and $500,000 punitive damages. Plaintiff also requests that she be reimbursed for her legal and court costs, and deposition

costs, if any.  Plaintiff will request that the Court decide if the case should proceed to a Jury Trial in her Motion for Summary Judgment in her favor including her Settlement demands as cited above, and denying the Defendant's Motion for Summary Judgment

     2.    <u>Joinder/Amendment/Narrowing</u>:  The parties do not anticipate the necessity to join third parties.  Plaintiff believes that Defendant's refusal to settle the case is evidence of HHS's continual discrimination, harassment, and persecution against Plaintiff on nine counts of discrimination.  Neither party believes that the legal or factual issues can be narrowed at this time.

     3.    <u>Assignment To Magistrate Judge</u>: The parties do not consent to the assignment of this case to a magistrate judge for all purposes.

     4.    <u>Settlement Possibility</u>: Plaintiff believes the case should be settled.  Defendant believes there is little possibility of settling the case.  The parties will inform the Court if the possibility of settlement becomes realistic in the future.

     5.    <u>Alternative Dispute Procedures</u>: Plaintiff believes that ADR is appropriate because it would help settle the case.  Plaintiff believes HHS should meet with Plaintiff preferably in Chicago, IL or have a teleconference with her to discuss the resolution of this case.  Plaintiff also believes that HHS should consider offering Plaintiff a position in Chicago, IL as soon as possible, because HHS has such positions available all the time, and the Plaintiff is suffering economically from the nonselection of her for a Writer/Editor position.  Specifically, Plaintiff requests a job at HHS in Chicago, IL preferably as a GS-15/16 Deputy Regional Administrator, Great Lakes Region  because if Plaintiff was hired by HHS in August, 2004, she would soon be able to be a GS-15/16 Deputy Regional Administrator, Great Lakes Region, with her two Master's degrees

including her MBA with Distinction, her MPA degree, and her federal government experience from two agencies: GSA and HHS; Plaintiff also had an internship in the Regional Administrator's office in the Summer of 1980 at HHS in Chicago, IL. Defendant does not believe that the case could benefit from the Court's ADR process.

      6.    <u>Dispositive Motions</u>: Defendant believes the case should be decided after discovery upon Motion for Summary Judgment. Plaintiff states that it is possible that Defendant will seek Summary Judgment. Plaintiff will also seek Summary Judgment in her favor with settlement demands. Those settlement demands would include a job at HHS in Chicago, IL preferably as a GS-15/16 Deputy Regional Administrator, Great Lakes Region because if Plaintiff was hired by HHS in August, 2004, she would soon be able to be a GS-15/16 Deputy Regional Administrator, Great Lakes Region, with her two Master's degrees including her MBA with Distinction, her MPA degree, and her federal government experience from two agencies: GSA and HHS; Plaintiff also had an internship in the Regional Administrator's office in the Summer of 1980 at HHS in Chicago, IL. Plaintiff's settlement demands also include a 6% contribution to the Thrift Savings Plan (TSP) including 1 % Agency Automatic retroactive to 30 days after Plaintiff applied for the position, $300,000 in Compensatory damages, $500,00 in Punitive damages. Plaintiff's settlement demands also include backpay retroactive to 30 days after Plaintiff applied for the position, and awarding Plaintiff time on her employment record dating back to 30 days after Plaintiff's application was received to the date of judgment from the Court in her favor, and reimbursement for legal, court, and deposition costs, if any. Plaintiff's settlement demands also include reimbursement for Fed Ex, UPS, and U.S. mail, and copy costs related to this case.

The parties propose the following schedule:

**Dispositive Motions:** 45 days after the close of discovery

**Oppositions**: 45 days after service of dispositive motion

**Replies**: 21 days after service of opposition

In addition, Plaintiff wishes to submit a Motion requesting that the case proceed to a Jury trial if the Court decides to do that or grant her Motion for Summary Judgment in her favor with her settlement demands. Of course, the Plaintiff agrees to the Court giving her more than her Settlement demands in its decision of Summary Judgment in her favor.

  7.  Initial Disclosures: The parties will exchange the initial disclosures authorized under F.R.Civ.P. 26(a)(1) within thirty days after the Initial Scheduling Conference.

  8.  Discovery: The parties agree that fact discovery is necessary, and should last six months. The parties believe that fact discovery should be completed by December 1, 2007. Plaintiff suggests that discovery start around June 1, 2007. Defendant has no objection to commencing discovery on or around June 1, 2007. The parties anticipate standard discovery, i.e., Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions.

  Plaintiff proposes that the parties should serve discovery on the opposing party within three months of the commencement of discovery. Although Defendant would be willing to serve its first set of discovery requests upon Plaintiff within three months of the commencement of discovery, Defendant would reserve the right to serve additional discovery after that initial three-month period ends. Plaintiff would also reserve the right

to serve additional discovery after that initial three-month period ends. Both parties agree that discovery responses be due within 30 days after service, as contemplated in Federal Rule of Civil Procedure 34(b).

The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. <u>Experts</u>: Neither party has retained an expert witness at this time. Defendant proposes that if Plaintiff chooses to use an expert witness, Plaintiff's expert(s) shall be designated no later than 60 days after the commencement of discovery, and that Defendant's experts be designated no later than 30 days thereafter. Defendant further proposes that Plaintiff's expert disclosures be served at least 60 days prior to close of discovery. Defendant proposes that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures. Defendant proposes that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

Plaintiff proposes that each side must disclose its experts by May 31, 2007.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation.

12. <u>Proposed Date For Pretrial Conference</u>: Plaintiff proposes that the pretrial conference date be set within 30 days after the Court rules on dispositive motions. Defendant proposes that the pretrial date be set within 60 days after Court rules on dispositive motions. Plaintiff further proposes that she be allowed to participate telephonically in all conferences, with either a cellular phone or land line telephone.

13. <u>Trial Date</u>: Plaintiff would like the Court to schedule a trial date within 30 days of the pretrial conference, if the Court prefers to do that in lieu of setting a trial date at the pretrial conference. Should a trial be necessary in this case, Defendant proposes setting the trial date at the pretrial conference.

14. <u>Other Matters</u>: None.

Respectfully submitted,

_____
Susanne Atanus, *Pro Se*
Ms. Susanne Atanus
9054 Buckingham Park Dr.
Des Plaines, IL 60016-5102
Tel. (847) 298-2210

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 98610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/ Robin M. Meriweather_____ _____
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

14. <u>Other Matters:</u> None.

                                            Respectfully submitted,

                                      *Susanne Atanus*
                                      Susanne Atanus, *Pro Se*
                                      Ms. Susanne Atanus
                                      9054 Buckingham Park Dr.
                                      Des Plaines, IL 60016-5102
                                      Tel. (847) 298-2210

                                      JEFFREY A. TAYLOR, D.C. BAR # 98610
                                      United States Attorney

                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney

                                      ROBIN M. MERIWEATHER, D.C. Bar # 490114
                                      Assistant United States Attorney
                                      555 Fourth St., N.W.
                                      Washington, D.C.  20530
                                      Phone: (202) 514-7198
                                      Fax: (202) 514-8780
                                      Robin.Meriweather2@usdoj.gov